1  THE LAW OFFICES OF RODERICK J. LINDBLOM, P.C.
   RODERICK J. LINDBLOM (Bar No. 153768)
2  475 Washington Blvd.
   Marina del Rey, California 90292
3  Telephone: (310) 552-2021
   Facsimile: (310) 552-2022
4  rod.lindblomlaw@gmail.com

*Attorneys for Plaintiffs*
JENNIFER LILLEY WAYNE, P/K/A "JEN LILLEY"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LILLEY WAYNE, P/K/A "JEN LILLEY," an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CROWN MEDIA HOLDINGS, INC., a Delaware corporation; JEFFERY BEACH, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO: 2:24-cv-08005<br><br>**COMPLAINT FOR:**<br><br>1. **Copyright Infringement Under §§ 101 & 106 of the 1976 Copyright Act**<br>2. **Breach of Implied-In-Fact Contract**<br>3. **Breach of Implied Covenant of Good Faith and Fair Dealing**<br>4. **Quantum Meruit**<br>5. **Unfair Business Acts and Practices** |

FIRST AMENDED COMPLAINT

Plaintiff JENNIFER LILLEY WAYNE, P/K/A "JEN LILLEY," an individual ("Lilley" or "Plaintiff") by and through undersigned counsel, brings this Complaint for copyright infringement against Defendant CROWN MEDIA HOLDINGS, INC., a Delaware corporation ("Crown Media") ("Crown Media") and JEFFERY BEACH, an individual ("Beach") and allege as follows:

## NATURE OF THE ACTION

1. Plaintiff Lilley is an actress, singer, producer, and philanthropist, who worked as an actress under contract with Crown Media for five years. Lilley devoted her time and creativity as an actress and producer to help Crown Media's Hallmark Channel grow. One of these significant contributions was Lilley's original story, "*A Paris Proposal*," which she conceived, created, and developed in a surplus of emails with Crown Media and its associates.

2. This action involves Crown Media's blatant copying of the creative elements of "*A Paris Proposal*," and duplicitous acts to exclude Lilley from the production of their copycat film, despite agreements and expectations to the contrary.

3. As set forth in detail below, not only are significant and substantially similar compositional elements of Lilley's "*A Paris Proposal*" in Crown Media's infringing work, but the ordinary observer would recognize this appropriation.

## JURISDICTION & VENUE

4. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves federal questions arising under the Copyright Act, as amended, 17 U.S.C. §§ 101, *et seq*.

6. This Court has personal jurisdiction over the Defendants because the Defendants may be found, and conduct systematic and continuous business in this Judicial District.

7. Venue is proper under 28 U.S.C. §§ 1400(a) and 1391(c) because the Defendants are subject to personal jurisdiction in this Judicial District, and have

committed unlawful acts of infringement in this Judicial District.

## THE PARTIES

8. Plaintiff Lilley is a resident and citizen of the State of Virginia. As registered with the United States Copyright Office, Lilley has a copyright in her dramatic work, "*A Paris Proposal*."

9. Upon information and belief, Defendant Crown Media is engaged in media production. Defendant is a corporation organized and existing under the laws of the State of Delaware. Defendant's principal place of business appears to be located at 12700 Ventura Boulevard #200, Studio City, California 91604.

10. Upon information and belief, Defendant Jefferey Beach is a producer, residing in the State of California.

11. The true names and capacities of DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs at this time, who therefore sue said defendants by such fictitious names, and when the true names, capacities, and relationships of such defendants are ascertained, Plaintiffs will ask leave of Court to amend this Complaint to assert the same.

12. Plaintiffs are informed and believe, and on the basis of such information and belief, herein allege that each defendant named in this Complaint was, at all times herein mentioned, and now is, the agent and/or employee of each of the other defendants herein, and was at all times acting within the course and scope of said agency and/or employment. When referring to "Defendants" herein, Plaintiffs intend to include Crown Media, and all other defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Plaintiff Lilley worked as an actress under contract with Crown Media for approximately five years, and contributed as an actress and producer to help Crown Media's Hallmark Channel grow.

14. Lilley conceived, created, and developed the story for "*A Paris Proposal*," and shared the story and creative elements through various emails between

writer Andrea Canning, producer Beach, and three Crown Media associates: Jenn Phillips, Crown Media's then Director, Development and Scripted Programming, Elizabeth Yost, Crown Media's Senior Vice President of Original Programming, and Candace DiLavore, Crown Media's current Senior Development Associate (the "Work").

15. Collaborating to produce the picture with Beach, Lilley formally presented the Work in a 1000-word pitch to Crown Media for potential production in early 2020. Exhibiting Crown Media's interest in Lilley's Work, Jen Phillips told Lilley that Randy Pope, Crown Media's then Senior Vice President of Original Programming, liked the work even before completing a formal review of all stories pitched to Crown Media.

16. The Work was greenlit for production by Crown Media, with the expectation that Lilley would receive a "created by" and producer credit, and would star in the picture based on the Work (the "Agreement").

17. Thereafter, Crown Media hired Andrea Canning as the writer for the film based on the Work (the "Infringing Picture"), and included Lilley on all further discussions regarding development of the Infringing Picture.

18. However, in or around September 2020, Crown Media elected not to renew Lilley's 2021 contract. Although Lilley anticipated that Crown Media would still hire her for the annual Christmas movies, Crown Media did not have an opportunity for Lilley in 2021.

19. From that point forward, Crown Media failed to include Lilley on any discussions regarding the Infringing Picture. Lilley last spoke with anyone at Crown Media regarding the Infringing Picture was September 13, 2021.

20. Believing that Crown Media halted production in light of the COVID-19 pandemic, Lilley thought nothing of the total silence regarding production of the Infringing Picture.

COMPLAINT

21.  On or about February 10, 2023, however, Lilley became aware that Crown Media released the Infringing Picture using the same title, plot, story arc, character, settings, and even the same unique creative elements presented by Lilley in her original notes and emails to Crown Media.

22.  The Infringing Picture failed to include Lilley as an actress, and failed to attribute any of Lilley's contributions to the film, including by completely omitting any "created by" or producer credit for Lilley.

23.  Shortly thereafter, Lilley spoke with Beach regarding the Infringing Picture. Throughout their conversation, Beach freely admitted that the Infringing Picture was based on her Work, and that he produced the Infringing Picture.

24.  The dramatic Work "*A Paris Proposal*" was registered on or about October 9, 2023 with the United States Copyright Office, with Copyright Registration Number PAU004195528.

25.  The "dramatic" Work is an original copyrightable work. Plaintiff has complied in all respects with 17 U.S.C. § 101, *et seq*. and has secured exclusive rights in the dramatic Work of *A Paris Proposal*, and has received copyright registration in *A Paris Proposal* with the Copyright Office in accordance with its rules and regulations.

26.  Without giving either credit or a copyright interest to Lilley, Crown Media and Beach have created a derivative work of *A Paris Proposal* and produced, distributed, displayed, publicly performed, and otherwise exploited the Infringing Picture, resulting in substantial revenue, profit, and notoriety for Crown Media.

27.  These acts were willful, knowing, and malicious and perpetrated without regard to Plaintiff Lilley's rights.

28.  On April 16, 2024, Defendant Crown Media was given notice of the infringement of *A Paris Proposal*.

29.  Despite notice, Defendant Crown Media continues to infringe on the Work by reproducing, displaying, distributing, exploiting, licensing, and publicly

1  performing the Infringing Picture. The Infringing Picture continues to be reproduced, sold, distributed, publicly performed, licensed, and otherwise exploited on Defendant Crown Media's website and other streaming websites.

30. Defendants' deliberate infringement of Plaintiff's copyright has greatly and irreparably damaged Plaintiff, and Defendant will continue to damage Plaintiff greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Plaintiff will have no adequate remedy at law. Accordingly, Plaintiff is entitled to a temporary and permanent injunction in accordance with 17 U.S.C. § 502.

## FIRST CAUSE OF ACTION

### Copyright Infringement Under §§ 101 & 106 of the 1976 Copyright Act

### (By Plaintiff Against All Defendants)

31. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 30, as though set forth in full herein.

32. Plaintiff owns valid copyrights in the Work at issue in this case. Plaintiff is currently and at all relevant times has been the sole proprietor of all rights, title and interest in and to the copyright.

33. Plaintiff properly registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). A true and correct copy of the Certificate of Registration from the U.S. Copyright Office are attached as Exhibit "A" hereto.

34. The Defendants' unauthorized reproduction, distribution, public performance, display, and creation of a derivative work of *A Paris Proposal* infringes the Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

35. Neither Crown Media nor Beach sought or received permission to copy or interpolate any portion of the Work into the Infringing Picture.

36. The Defendants' conduct has at all times been willful, executed with full knowledge of Plaintiff's copyright, and in conscious disregard to Plaintiff Lilley's exclusive rights in the Work.

37. As a proximate effect of Defendants Crown Media and Beach's wrongful conduct, Plaintiff Lilley has been irreparably harmed.

38. The Infringing Picture copies quantitatively and qualitatively distinct, important, and recognizable elements of the Work.

39. The Infringing Picture utilizes the exact same title, the plot, story arc, character, settings, and even the same unique creative elements presented by Lilley in her original notes and emails to Crown Media, which emails also copied Beach.

40. The remaining portions of the Infringing Picture copy a constellation of distinctive and important elements of the Work.

41. From the date of the creation of the Infringing Picture, Defendants have infringed the Plaintiff's copyright interest in the Work, including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing the Infringing Picture online via streaming websites and on television; (b) by authorizing the reproduction, distribution, and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing the Infringing Picture through various sources; (c) by substantially copying and the related marketing and promotion of the sale of the records, videos, and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of the Work in and as a part of the Infringing Picture, packaged in a variety of ways including online on Crown Media's website, on YouTube, and on streaming websites.

42. Plaintiff has received no credit for or copyright ownership interests in and for any of the exploitations of the Work or any of the works associated with the Infringing Picture.

43. With knowledge of the infringement, Defendants Crown Media and Beach induced, caused, or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

44. Defendants Crown Media and Beach had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that the Defendants should be found to be vicariously liable.

45. The infringement is continuing as the Infringing Picture, continues to be offered for streaming online, on Crown Media's website, and advertisements and other exploitations by the Defendants, or their agents.

46. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered actual damages including lost profits, lost opportunities, and loss of goodwill.

47. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to damages, including the substantial profits of Defendants Crown Media and Beach, as will be proven at trial.

48. The Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in monetary terms. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance, or other use or exploitation of the Infringing Picture.

49. By reason of the infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage to her ownership rights in the copyrighted Work.

50. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants will continue their course of conduct and will continue to wrongfully use, infringe upon, sell, and otherwise profit from Plaintiff's copyrighted Work.

///
///
///

## SECOND CAUSE OF ACTION

### Breach of Implied-In-Fact Contract

### (By Plaintiffs Against All Defendants)

51. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 50, as though set forth in full herein.

52. It is axiomatic that pitching a story forms an implied contract where both parties understand that one party is disclosing their idea on the condition that they will be compensated if it is used. *Desny v. Wilder* (1956) 46 Cal.2d 715, 739.

53. Beginning in or around 2020, at Los Angeles, California, Plaintiff and Defendant Crown Media entered into an Agreement whereby Plaintiff Lilley provided Crown Media a 1000-word pitch regarding the Work, in exchange for Crown Media to provide Lilley with a "created by" credit, producer credit, and a role in the film as an actress.

54. Plaintiff collaborated with Beach to produce the picture with him, and thereafter, Lilley presented the 1000-word pitch regarding the Work.

55. The Agreement's terms were evidenced by Crown Media hiring Andrea Canning as the writer for the Infringing Picture, and including Lilley on discussions regarding Lilley's project, up until the time Lilley's relationship with Crown Media was terminated.

56. Plaintiff and Defendant Crown Media acted upon the Agreement through Plaintiff's creative input during the development of the Infringing Picture, and Crown Media's communication regarding Plaintiff Lilley's input and notes.

57. Plaintiff has performed all terms, conditions, and covenants on Plaintiff's part that Plaintiff was capable of performing under the Agreement. Notwithstanding the terms thereof, Plaintiff is informed and believes and, on the basis of such information, herein alleges that, Crown Media and Beach materially breached the Agreement by *inter alia* failing to further communicate with Lilley regarding the Infringing Picture, failing to include Lilley in the Infringing Picture as an actress, and

completely omitting any attribution and fees to Lilley by way of a "created by" credit and producer credit.

58. As a direct and proximate result of Defendants' breach of the Agreement, Plaintiff has suffered damages in an amount to be determined at trial but exceeding the jurisdictional minimum of this Court, together with reasonable attorneys' fees and costs, interest thereon at the maximum rate allowed by law. When the true amount of such damages is ascertained, Plaintiff will seek leave to amend this Complaint to allege the same.

### THIRD CAUSE OF ACTION

### Breach of Implied Covenant of Good Faith and Fair Dealing

### (By Plaintiffs Against All Defendants)

59. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 58, as though set forth in full herein.

60. Under the implied covenant of good faith and fair dealing, Defendant Crown Media and Beach had a duty to not interfere with Plaintiff's rights and benefits under the Agreement.

61. Defendants breached the implied covenant of good faith and fair dealing as to the Agreement by, *inter alia*, failing to further communicate with Lilley regarding the Infringing Picture, failing to include Lilley in the Infringing Picture as an actress, and completely omitting any attribution to Lilley by way of a "created by" credit and producer credit.

62. As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing as alleged herein, Plaintiff has sustained damages in an amount to be determined at trial but exceeding the jurisdictional minimum of this Court, together with interest thereon at the maximum legal rate. When the true amount of such damages is ascertained, Plaintiff will seek leave to amend this Complaint to allege the same.

///

## FOURTH CAUSE OF ACTION

### Quantum Meruit

### (By Plaintiff Against All Defendants)

63. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 62, as though set forth in full herein.

64. Within the last two years, at Los Angeles, California, Plaintiff provided services to Defendants related to the Work, whereby Defendants agreed to provide a "created by" and producer credit. At the Plaintiff's services were provided, the reasonable value was $11,000 for a "created/story by" credit, $75,000 for a producer fee (credit), and $250,000 for Plaintiff's acting rate, totaling $336,000.

65. Although demand therefor has been made, there is now due, owing and unpaid from Defendants to Plaintiff the sum of $336,000, together with interest thereon at the maximum rate allowed by law.

## FIFTH CAUSE OF ACTION

### Unfair Acts and Practices

### (By Plaintiffs Against All Defendants)

66. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 65, as though set forth in full herein.

67. Defendants' conduct, as alleged herein, violates federal law, and thus constitutes unlawful business acts and practices, in violation of California Business and Professions ("Cal. Bus. and Prof.") Code §§ 17200, *et seq*.

68. A violation of Cal. Bus. and Prof. Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law. In the instant case, Defendants Crown Media and Beach's actions amounting to, among other things, infringement of Plaintiff Lilley's copyright, and therefore constitutes copyright infringement under §§ 101 & 106 of the 1976 Copyright Act.

69. Plaintiff has been aggrieved by Crown Media and Beach's unlawful business acts and practices, including, as alleged herein, in the infringement of

1. Plaintiff Lilley's copyright.

70. By this action, Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of CCP § 1021.5. Therefore, and because a significant benefit will be conferred on the general public or a large class of persons through such enforcement, Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to CCP § 1021.5, which award should not, in the interest of justice, be incurred out of Plaintiff's recovery and is appropriate in the instant case given the necessity and financial burden of private enforcement of such important rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendants as follows:

A. A declaration that the Defendants have willfully infringed the Plaintiffs' copyrighted Work in violation of the Copyright Act;

B. For a preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with Defendants from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the copyrighted Work, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in Defendants' possession or control;

C. For a preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, attorneys, and all persons acting in concert and participation with Defendants from infringing upon Plaintiff's copyrights;

D. For actual damages, punitive damages, and Defendants' profits to be determined at trial, plus interest;

E.   For punitive damages on each count where available;

F.   For an award of reasonable attorney's fees and costs;

G.   For pre-judgment and post-judgment interest according to law, as applicable; and

H.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand trial by jury on all claims so triable.

Dated: September 18, 2024

Respectfully submitted,

THE LAW OFFICES OF
RODERICK J. LINDLBOM, P.C.


By:   /s/ Roderick Lindblom
RODERICK J. LINDBLOM
*Attorney for Plaintiffs*
JENNIFER LILLEY WAYNE, P/K/A "JEN LILLEY"

12
COMPLAINT