THE LAW OFFICES OF RODERICK J. LINDBLOM, P.C.
RODERICK J. LINDBLOM (Bar No. 153768)
475 Washington Blvd.
Marina del Rey, California 90292
Telephone: (310) 552-2021
Facsimile: (310) 552-2022
rod.lindblomlaw@gmail.com

*Attorneys for Plaintiffs*
JENNIFER LILLEY WAYNE, P/K/A "JEN LILLEY"

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LILLEY WAYNE, P/K/A "JEN LILLEY," an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CROWN MEDIA HOLDINGS, INC., a Delaware corporation; JEFFERY BEACH, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO: 2:24-cv-08005<br><br>**AMENDED COMPLAINT FOR:**<br><br>1. **Copyright Infringement Under §§ 101 & 106 of the 1976 Copyright Act;**<br>2. **Breach of Contract;**<br>3. **Breach of Implied-In-Fact Contract;**<br>4. **Breach of Implied Covenant of Good Faith and Fair Dealing;**<br>5. **Quantum Meruit;**<br>6. **Unfair Business Acts and Practices; and**<br>7. **Breach of Confidence** |

Plaintiff JENNIFER LILLEY WAYNE, P/K/A "JEN LILLEY," an individual ("Lilley" or "Plaintiff") by and through undersigned counsel, brings this Complaint for copyright infringement against Defendant CROWN MEDIA HOLDINGS, INC., a Delaware corporation ("Crown Media") ("Crown Media") and JEFFERY BEACH, an individual ("Beach") and allege as follows:

1

## NATURE OF THE ACTION

1. Plaintiff Lilley is an actress, singer, producer, and philanthropist, who worked as an actress under contract with Crown Media for five years. Lilley devoted her time and creativity as an actress and producer to help Crown Media's Hallmark Channel grow. One of these significant contributions was Lilley's original story, "*A Paris Proposal*," which she conceived, created, and developed in a surplus of emails with Crown Media and its associates.

2. This action involves Crown Media's blatant copying of the creative elements of "*A Paris Proposal*," and duplicitous acts to exclude Lilley from the production of their copycat film, despite agreements and expectations to the contrary.

3. As set forth in detail below, not only are significant and substantially similar compositional elements of Lilley's "*A Paris Proposal*" in Crown Media's infringing work, but the ordinary observer would recognize this appropriation.

## JURISDICTION & VENUE

4. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves federal questions arising under the Copyright Act, as amended, 17 U.S.C. §§ 101, *et seq*.

6. Additionally, and in the alternative, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship among the parties and the amount in controversy is at least $336,000. Specifically, the Plaintiff is a citizen of Virgina, Defendant Beach is a citizen of California, and Defendant Crown Media is a dual citizen of Delaware (its registered office) and California (its principal place of business).

7. This Court has personal jurisdiction over the Defendants because the Defendants may be found, and conduct systematic and continuous business, in this Judicial District.

8. Venue is proper under 28 U.S.C. §§ 1400(a) and 1391(c) because the Defendants are subject to personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District.

2

**THE PARTIES**

9. Plaintiff Lilley is a resident and citizen of the State of Virginia. As registered with the United States Copyright Office, Lilley has a copyright in her dramatic work, "*A Paris Proposal*."

10. Upon information and belief, Defendant Crown Media is engaged in media production. Defendant is a corporation organized and existing under the laws of the State of Delaware. Defendant's principal place of business appears to be located at 12700 Ventura Boulevard #200, Studio City, California 91604.

11. Upon information and belief, Defendant Jefferey Beach is a producer, residing in the State of California.

12. The true names and capacities of DOES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs at this time, who therefore sue said defendants by such fictitious names, and when the true names, capacities, and relationships of such defendants are ascertained, Plaintiffs will ask leave of Court to amend this Complaint to assert the same.

13. Plaintiffs are informed and believe, and on the basis of such information and belief, herein allege that each defendant named in this Complaint was, at all times herein mentioned and now, is the agent and/or employee of each of the other defendants herein and was at all times acting within the course and scope of said agency and/or employment. When referring to "Defendants" herein, Plaintiffs intend to include Crown Media, and all other defendants.

**FACTS COMMON TO ALL CAUSES OF ACTION**

14. Plaintiff Lilley worked as an actress under contract with Crown Media for approximately five years and contributed as an actress and producer to help Crown Media's Hallmark Channel grow. Beginning in 2019, Lilley was under an exclusive contract with Crown Media, which expired according to its own terms in 2020.

15. Prior to such expiration, Lilley conceived, created, and developed the story for "*A Paris Proposal*," and shared the story and creative elements through various confidential emails between writer Andrea Canning, producer Beach, and three Crown Media associates: Jenn Phillips, Crown Media's then Director, Development and Scripted Programming, Elizabeth Yost, Crown

3

1  Media's Senior Vice President of Original Programming, and Candace DiLavore, Crown Media's
2  current Senior Development Associate (the "Work").

3     16.     Collaborating to produce the picture with Beach, Lilley formally presented the Work
4  in a 1000-word pitch to Crown Media for potential production in early 2020. Exhibiting Crown
5  Media's interest in Lilley's Work, Jen Phillips told Lilley that Randy Pope, Crown Media's then
6  Senior Vice President of Original Programming, liked the work even before completing a formal
7  review of all stories pitched to Crown Media.

8     17.     The Work was greenlit for production by Crown Media, with the promise that Lilley
9  would receive a "created by" and producer credit, would star in the picture based on the Work and
10 would be financially compensated for her creation and development of the Work (the "Agreement").
11 It was understood and agreed by all of the parties that Lilley would be paid for each of her roles as
12 creator, producer and actress. It was clearly understood that this picture was being created for and
13 developed by Lilley for Lilley to star in.

14     18.     Thereafter, Crown Media hired Andrea Canning as the writer for the film based on
15 the Work (the "Infringing Picture") and included Lilley on all further discussions regarding
16 development of the Infringing Picture.

17     19.     However, in or around August 2020, Crown Media elected not to renew Lilley's
18 expiring exclusivity contract past August 31, 2020. As is customary with unfinished projects, it was
19 expected that the Infringing Picture would be carved out of any new exclusive studio contract. In fact,
20 Lilley continued to work with Crown Media until September 13, 2021, which was the day she
21 announced on Instagram that she would be appearing in a Great American Family ("GAF") movie.

22     20.     From that point forward, and without Lilley's knowledge, Crown Media continued to
23 develop the Infringing Picture. Notably, Crown Media failed to include Lilley on any discussions
24 regarding the Infringing Picture, and the last date Lilley spoke with anyone at Crown Media
25 regarding the Infringing Picture was September 13, 2021, just hours before Lilley announced her
26 new GAF movie.

4

21.   Meanwhile, believing that Crown Media halted production in light of the COVID-19 pandemic, Lilley thought nothing of the total silence regarding production of the Infringing Picture and was unaware of any progress towards its production.

22.   On or about February 10, 2023, Lilley first became aware that Crown Media released the Infringing Picture using the same title, plot, story arc, character, settings, and even the same unique creative elements presented by Lilley in her original notes and emails to Crown Media.

23.   In fact, Crown Media made no attempt to conceal its complete and wholesale copying of the Work and continues to advertise "A Paris Proposal" in an identically named and almost identical version to Lilley's original idea. Lilley's original pitch for A Paris Proposal describes the story of Emily and Sebastian, work colleagues who travel to Paris to land the prestigious Durand Diamonds account, are mistakenly assumed by the client to be a couple, and must operate under this misunderstanding to land the account. According to Hallmark's own website, the logline of A Paris Proposal is "Anna and Sebastian travel to his hometown of Paris to land the Ad account of famed Durand Diamonds and end up in a tricky situation when the client mistakes them for a happy couple." [https://www.hallmarkplus.com/details/VIDEO/item/MOVINA036803/a-paris-proposal].

24.   Despite these glaring similarities, the Infringing Picture failed to include Lilley as an actress and failed to attribute any of Lilley's contributions to the film, including by completely omitting any "created by" or producer credit for Lilley.

25.   Shortly after becoming aware of the Defendants' infringement, Lilley spoke with Beach regarding the Infringing Picture. Throughout their conversation, Beach freely admitted that the Infringing Picture was based on her Work, and that he produced the Infringing Picture.

26.   The dramatic Work "*A Paris Proposal*" was registered on or about September 2, 2023 with the United States Copyright Office, with Copyright Registration Number PAU004195528.

27.   The "dramatic" Work is an original copyrightable work. Plaintiff has complied in all respects with 17 U.S.C. § 101, *et seq*. and has secured exclusive rights in the dramatic Work of *A Paris Proposal*, and has received copyright registration in *A Paris Proposal* with the Copyright Office in accordance with its rules and regulations.

5

28. Without giving either credit or a copyright interest to Lilley, Crown Media and Beach have created a derivative work of *A Paris Proposal* and produced, distributed, displayed, publicly performed, and otherwise exploited the Infringing Picture, resulting in substantial revenue, profit, and notoriety for Crown Media.

29. These acts were willful, knowing, and malicious and perpetrated without regard to Plaintiff Lilley's rights.

30. On April 16, 2024, Defendant Crown Media was given notice of the infringement of *A Paris Proposal*.

31. Despite notice, Defendant Crown Media continues to infringe on the Work by reproducing, displaying, distributing, exploiting, licensing, and publicly performing the Infringing Picture. The Infringing Picture continues to be reproduced, sold, distributed, publicly performed, licensed, and otherwise exploited on Defendant Crown Media's website and other streaming websites.

32. Defendants' deliberate infringement of Plaintiff's copyright has greatly and irreparably damaged Plaintiff, and Defendant will continue to damage Plaintiff greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Plaintiff will have no adequate remedy at law. Accordingly, Plaintiff is entitled to a temporary and permanent injunction in accordance with 17 U.S.C. § 502.

**FIRST CAUSE OF ACTION**
**Copyright Infringement Under §§ 101 & 106 of the 1976 Copyright Act**
**(By Plaintiff Against All Defendants)**

33. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 32, as though set forth in full herein.

34. Plaintiff owns a valid copyright in the Work at issue in this case. Plaintiff is currently and at all relevant times has been the sole proprietor of all rights, title and interest in and to the copyright.

35. Plaintiff properly registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a). A true and correct copy of the Certificate of Registration from the U.S. Copyright Office are attached as Exhibit "A" hereto.

36. The Defendants' unauthorized reproduction, distribution, public performance, display, and creation of a derivative work of *A Paris Proposal* infringes the Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

37. Neither Crown Media nor Beach sought or received permission to copy or interpolate any portion of the Work into the Infringing Picture.

38. The Defendants' conduct has at all times been willful, executed with full knowledge of Plaintiff's copyright, and in conscious disregard to Plaintiff Lilley's exclusive rights in the Work.

39. As a proximate effect of Defendants Crown Media and Beach's wrongful conduct, Plaintiff Lilley has been irreparably harmed.

40. The Infringing Picture copies quantitatively and qualitatively distinct, important, and recognizable elements of the Work.

41. The Infringing Picture utilizes the exact same title, the plot, story arc, character, settings, and even the same unique creative elements presented by Lilley in her original notes and emails to Crown Media, which emails also copied Beach.

42. The remaining portions of the Infringing Picture copy a constellation of distinctive and important elements of the Work.

43. From the date of the creation of the Infringing Picture, Defendants have infringed the Plaintiff's copyright interest in the Work, including: (a) by substantially copying and publicly performing, or authorizing the copying and public performances, including publicly performing the Infringing Picture online via streaming websites and on television; (b) by authorizing the reproduction, distribution, and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing the Infringing Picture through various sources; (c) by substantially copying and the related marketing and promotion of the sale of the records, videos, and other performances, and other merchandise; and (d) by participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through

7

substantial use of the Work in and as a part of the Infringing Picture, packaged in a variety of ways including online on Crown Media's website, on YouTube, and on streaming websites.

44. Plaintiff has received no credit for or copyright ownership interests in and for any of the exploitations of the Work or any of the works associated with the Infringing Picture.

45. With knowledge of the infringement, Defendants Crown Media and Beach induced, caused, or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

46. Defendants Crown Media and Beach had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that the Defendants should be found to be vicariously liable.

47. The infringement is continuing as the Infringing Picture, continues to be offered for streaming online, on Crown Media's website, and advertisements and other exploitations by the Defendants, or their agents.

48. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered actual damages including lost profits, lost opportunities, and loss of goodwill.

49. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to damages, including the substantial profits of Defendants Crown Media and Beach, as will be proven at trial.

50. The Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in monetary terms. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance, or other use or exploitation of the Infringing Picture.

51. By reason of the infringement, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage to her ownership rights in the copyrighted Work.

52. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants will continue their course of conduct and will continue to wrongfully use, infringe upon, sell, and otherwise profit from Plaintiff's copyrighted Work.

## SECOND CAUSE OF ACTION
### Breach of Contract
### (By Plaintiffs Against All Defendants)

53. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 52, as though set forth in full herein.

54. In or around 2020, Plaintiff and Defendant Crown Media entered into an oral contract whereby Plaintiff Lilley provided Crown Media a 1000-word pitch regarding the Work, in exchange for Crown Media to provide Lilley with financial compensation as well as a "created by" credit, producer credit, and the lead female role in the film as an actress.

55. Plaintiff, in reliance on the express promises of Defendant Crown Media, collaborated with members of Crown Media's team to further develop the Work and performed all terms, conditions, and covenants that Plaintiff was capable of performing under the Agreement.

56. Notwithstanding the terms of the Agreement, Defendants Crown Media and Beach materially breached the Agreement by inter alia failing to include Lilley in the Infringing Picture as a lead actress, completely omitting any attribution to Lilley by way of a "created by" credit and producer credit, and failing to compensate Lilley in any way whatsoever for the Work.

57. As a direct and proximate result of Defendants' breach of the Agreement, Plaintiff has suffered damages in an amount to be determined at trial but exceeding the jurisdictional minimum of this Court, together with reasonable attorneys' fees and costs, interest thereon at the maximum rate allowed by law. When the true amount of such damages is ascertained, Plaintiff will seek leave to amend this Complaint to allege the same.

## THIRD CAUSE OF ACTION
### Breach of Implied-In-Fact Contract
### (By Plaintiffs Against All Defendants)

58. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 57, as though set forth in full herein.

59. It is axiomatic that pitching a story forms an implied contract where both parties understand that one party is disclosing their idea on the condition that they will be compensated if it is used. *Desny v. Wilder* (1956) 46 Cal.2d 715, 739.

60. Beginning in or around 2020, at Los Angeles, California, Plaintiff and Defendant Crown Media entered into an Agreement whereby Plaintiff Lilley provided Crown Media a 1000-word pitch regarding the Work, in exchange for Crown Media to provide Lilley with financial compensation as well as a "created by" credit, producer credit, and a role in the film as an actress.

61. Plaintiff collaborated with Beach to produce the picture with him, and thereafter, Lilley presented the 1000-word pitch regarding the Work.

62. The Agreement's terms were evidenced by Crown Media hiring Andrea Canning as the writer for the Infringing Picture, and including Lilley on discussions regarding Lilley's project, up until the time Lilley's relationship with Crown Media was terminated.

63. Plaintiff and Defendant Crown Media acted upon the Agreement through Plaintiff's creative input during the development of the Infringing Picture, and Crown Media's communication regarding Plaintiff Lilley's input and notes.

64. Plaintiff has performed all terms, conditions, and covenants on Plaintiff's part that Plaintiff was capable of performing under the Agreement. Notwithstanding the terms thereof, Plaintiff is informed and believes and, on the basis of such information, herein alleges that, Crown Media and Beach materially breached the Agreement by *inter alia* failing to include Lilley in the Infringing Picture as an actress, and completely omitting any attribution to Lilley by way of a "created by" credit and producer credit, and failing to compensate Lilley in any way whatsoever for the Work.

65. As a direct and proximate result of Defendants' breach of the Agreement, Plaintiff has suffered damages in an amount to be determined at trial but exceeding the jurisdictional minimum of this Court, together with reasonable attorneys' fees and costs, interest thereon at the maximum rate allowed by law. When the true amount of such damages is ascertained, Plaintiff will seek leave to amend this Complaint to allege the same.

### FOURTH CAUSE OF ACTION
**Breach of Implied Covenant of Good Faith and Fair Dealing**
**(By Plaintiffs Against All Defendants)**

66. Plaintiff repeats, realleges, and incorporates herein by this reference each and every

allegation contained in ¶¶ 1 through 65, as though set forth in full herein.

67. Under the implied covenant of good faith and fair dealing, Defendant Crown Media and Beach had a duty to not interfere with Plaintiff's rights and benefits under the Agreement.

68. Defendants breached the implied covenant of good faith and fair dealing as to the Agreement by, *inter alia*, failing to further communicate with Lilley regarding the Infringing Picture, failing to include Lilley in the Infringing Picture as an actress, and completely omitting any attribution to Lilley by way of a "created by" credit and producer credit.

69. As a direct and proximate result of Defendants' breach of the implied covenant of good faith and fair dealing as alleged herein, Plaintiff has sustained damages in an amount to be determined at trial but exceeding the jurisdictional minimum of this Court, together with interest thereon at the maximum legal rate. When the true amount of such damages is ascertained, Plaintiff will seek leave to amend this Complaint to allege the same.

### FIFTH CAUSE OF ACTION
### Quantum Meruit
### (By Plaintiff Against All Defendants)

70. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 69, as though set forth in full herein.

71. Plaintiff has provided services to Defendants related to the Work, whereby Defendants agreed to provide a "created by" and producer credit, as well as using Plaintiff as the lead female actress. At the time Plaintiff's services were provided, and according to Crown Media, at a *minimum*, the reasonable value was $11,000 for a "created/story by" credit, $75,000 for a producer fee (credit), and $250,000 for Plaintiff's acting rate, totaling at least $336,000.

72. Although demand therefor has been made, there is now due, owing and unpaid from Defendants to Plaintiff the sum of at least $336,000, together with interest thereon at the maximum rate allowed by law.

### SIXTH CAUSE OF ACTION
### Unfair Acts and Practices
### (By Plaintiffs Against All Defendants)

73. Plaintiff repeats, realleges, and incorporates herein by this reference each and every

11

allegation contained in ¶¶ 1 through 72, as though set forth in full herein.

74. Defendants' conduct, as alleged herein, violates federal law, and thus constitutes unlawful business acts and practices, in violation of California Business and Professions ("Cal. Bus. and Prof.") Code §§ 17200, *et seq*.

75. A violation of Cal. Bus. and Prof. Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law. In the instant case, Defendants Crown Media and Beach's actions amounting to, among other things, infringement of Plaintiff Lilley's copyright, and therefore constitutes copyright infringement under §§ 101 & 106 of the 1976 Copyright Act.

76. Plaintiff has been aggrieved by Crown Media and Beach's unlawful business acts and practices, including, as alleged herein, in the infringement of Plaintiff Lilley's copyright.

77. By this action, Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of CCP § 1021.5. Therefore, and because a significant benefit will be conferred on the general public or a large class of persons through such enforcement, Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to CCP § 1021.5, which award should not, in the interest of justice, be incurred out of Plaintiff's recovery and is appropriate in the instant case given the necessity and financial burden of private enforcement of such important rights.

### SEVENTH CAUSE OF ACTION
### Breach of Confidence
### (By Plaintiffs Against All Defendants)

78. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 77, as though set forth in full herein. Plaintiff presented the Work to the Defendants with the understanding that such communications were confidential until and unless the project was completed. As such, the Defendants were not authorized to disclose the elements of the Work without authorization from Plaintiff.

79. Despite this understanding, the Defendants used the confidential information for their sole and exclusive benefit by completing the Infringing Picture without Plaintiff's knowledge and without providing any compensation or credit to Plaintiff.

80. This unauthorized use confidential information by the Defendants caused and continues to cause damage to Plaintiff. As such, Plaintiff is entitled to monetary damages and

injective relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against Defendants as follows:

A. A declaration that the Defendants have willfully infringed the Plaintiffs' copyrighted Work in violation of the Copyright Act;

B. For a preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with Defendants from reproducing, distributing, creating derivative works, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to the copyrighted Work, and to destroy and certify to the Court such destruction or deliver to the Court for destruction or other reasonable disposition all such materials and means for producing same in Defendants' possession or control;

C. For a preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, attorneys, and all persons acting in concert and participation with Defendants from infringing upon Plaintiff's copyrights;

D. For actual damages, punitive damages, and Defendants' profits to be determined at trial, plus interest;

E. For punitive damages on each count where available;

F. For an award of reasonable attorney's fees and costs;

G. For pre-judgment and post-judgment interest according to law, as applicable; and

H. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand trial by jury on all claims so triable.

Dated: December 2, 2024

Respectfully submitted,

THE LAW OFFICES OF
RODERICK J. LINDLBOM, P.C.


By:   /s/ Roderick Lindblom
    RODERICK J. LINDBLOM
    *Attorney for Plaintiffs*
    JENNIFER LILLEY WAYNE, P/K/A "JEN LILLEY"