David Aronoff (SBN 125694)
   daronoff@foxrothschild.com
Joshua Bornstein (SBN 311658)
   jbornstein@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
Tel:   310-598-4150
Fax:  310-556-9828

Attorneys for Defendant,
JEFFERY BEACH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LILLEY WAYNE, P/K/A "JEN LILLEY," an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CROWN MEDIA HOLDINGS, INC., a Delaware corporation; JEFFERY BEACH, an individual; and DOES 1-20, inclusive,<br><br>    Defendants. | Case No.: 2:24-CV-08005-SVW-E<br><br>Honorable Judge Stephen V. Wilson<br><br>**DEFENDANT JEFFERY BEACH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant Jeffery Beach ("Defendant") hereby answers the First Amended Complaint (herein, the "FAC") (Dkt. 19) of plaintiff Jennifer Lilley Wayne, p/k/a Jen Lilley ("Plaintiff") as follows:

## ANSWER TO FAC

1. Defendant admits that Plaintiff is an actress and singer who has previously worked for defendant Crown Media Holdings, Inc. or one of its affiliates, predecessors, or successors (herein, "Crown Media"), and that she has been credited as an executive producer on certain film projects. Defendant, however, denies that Plaintiff "conceived, created, and developed" the materials on which the film entitled A PARIS PROPOSAL (the "Film") was based. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and denies them on that basis.

2. Defendant admits that Plaintiff's lawsuit involves claims over creative elements of the Film and allegations that those elements were improperly copied from materials that Plaintiff claims to own. Except as so expressly admitted, Defendant denies the remaining allegations of Paragraph 2.

3. Defendant admits that the Film speaks for itself with regard to its expressive elements. Except as so expressly admitted, Defendant denies the remaining allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Defendant admits that Plaintiff asserts a claim under the Copyright Act but denies any wrongdoing thereunder.

5. Defendant admits that Plaintiff has asserted a claim arising under the Copyright Act, 17 U.S.C. § 101, *et seq*. for which this Court has exclusive jurisdiction under 28 U.S.C. §§ 1331, 1338.

6. Defendant admits that he is a resident of California but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 and denies them on that basis.

7.   Defendant admits to personal jurisdiction within the district of this Court but denies all allegations of wrongdoing, including any acts of infringement.

8.   Defendant admits venue is proper within the district of this Court but denies all allegations of wrongdoing, including any acts of infringement.

## THE PARTIES

9.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 9 and denies them on that basis.

10.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 10 and denies them on that basis.

11.  Admitted.

12.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 12 and denies them on that basis.

13.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 13 and denies them on that basis.

## RESPONSE TO GENERAL ALLEGATIONS

14.  Defendant admits that Plaintiff is an actress and singer who has previously worked for Crown Media and that she has been credited as an executive producer on certain film projects. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14 and denies them on that basis.

15.  Defendant denies that Plaintiff "conceived, created, and developed the story" for the Film, but admits and alleges that Defendant and Plaintiff jointly co-authored a written treatment under the title "A Paris Proposal" about an account executive and an art director who work for an advertising agency and pretend to be married to land a French client (the "Joint Work"). Defendant further admits and alleges that Plaintiff and Defendant jointly presented the Joint Work to executives and others connected with Crown Media, including Andrea Canning, Jenn Phillips, Elizabeth Yost, and Candace DiLavore, while they were both working under contract with Crown

Media. Before the Film was produced, however, Plaintiff renounced her ties with Crown Media and signed a deal with one of its competing networks, which Defendant understood to mean that Plaintiff had abandoned any involvement with the Joint Work. Except as so expressly admitted and denied, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 and denies them on that basis.

16. Defendant admits that Plaintiff and Defendant worked together to create the Joint Work. Except as so expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 and denies them on that basis.

17. Defendant denies each and every allegation in Paragraph 17.

18. Defendant admits that Andrea Canning was hired to write the screenplay for the Film. Except as so expressly admitted, Defendant denies each and every remaining allegation contained in Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 19 and denies them on that basis.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 20 and denies them on that basis.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 21 and denies them on that basis.

22. Defendant admits that the Film speaks for itself with regard to its expressive elements. Except as so expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 22 and denies them on that basis.

23. Defendant admits that the Film and Hallmark's website speak for themselves with regard to their expressive content. Except as so expressly admitted, Defendant denies the remaining allegations of Paragraph 23.

24. Defendant admits that Plaintiff did not act in the Film and received no

screen credits for the Film. Except as so expressly admitted, Defendant denies the remaining allegations of Paragraph 24.

25. Defendant admits he discussed the Film with Plaintiff and told her, among other things, that he had authorized the use of the Joint Work in the production of the Film and produced the Film. Defendant denies that the Film is infringing, but admits that it speaks for itself with regard to its expressive content. Except as so expressly admitted and denied, Defendant denies the remaining allegations of Paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 26 and denies them on that basis.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 27 and denies them on that basis.

28. Defendant admits that he authorized the use of the Joint Work in the creation of the Film. Defendant denies that the Film is infringing, but admits that it speaks for itself with regard to its expressive content. Except as so expressly admitted and denied, Defendant denies each and every remaining allegation in Paragraph 28.

29. Defendant denies each and every allegation contained in Paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and denies them on that basis.

31. Defendant admits that the Film is available for streaming through the Hallmark Channel. Defendant denies that the Film is infringing, but admits that it speaks for itself with regard to its expressive content. Except as so expressly admitted and denied, Defendant denies each and every remaining allegation in Paragraph 31.

32. Defendant denies each and every allegation contained in Paragraph 32.

## FIRST CLAIM FOR RELIEF

### Alleged Copyright Infringement

33. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 32, above.

34. Defendant admits that the Plaintiff and Defendant hold co-authorship

rights in the Joint Work. Except as so expressly admitted, Defendant denies each and every remaining allegation contained in Paragraph 34.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and denies them on that basis.

36. Defendant denies each and every allegation of Paragraph 36.

37. Defendant denies each and every allegation of Paragraph 37.

38. Defendant denies each and every allegation of Paragraph 38.

39. Defendant denies each and every allegation of Paragraph 39.

40. Defendant admits that the Film speaks for itself with regard to its expressive content. Except as so expressly admitted, Defendant denies each and every remaining allegation of Paragraph 40.

41. Defendant admits that the Film speaks for itself with regard to its expressive content. Defendant further admits that Plaintiffs notes and emails to Crown Media speak for themselves with respect to their content. Except as so expressly admitted, Defendant denies each and every remaining allegation of Paragraph 41.

42. Defendant admits that the Film speaks for itself with regard to its expressive content. Except as so expressly admitted, Defendant denies each and every remaining allegation of Paragraph 42.

43. Defendant denies each and every allegation of Paragraph 43.

44. Defendant admits that Plaintiff is not credited in the Film. Except as so expressly admitted, Defendant denies the remaining allegations of Paragraph 44.

45. Defendant denies each and every allegation of Paragraph 45.

46. Defendant denies each and every allegation of Paragraph 46.

47. Defendant admits that the Film is available for streaming and is referenced in Crown Media's website and in advertising. Excepts as so expressly admitted, Defendant denies each and every remaining allegation of Paragraph 47.

48. Defendant denies each and every allegation of Paragraph 48.

49. Defendant denies each and every allegation of Paragraph 49.

50. Defendant denies each and every allegation of Paragraph 50.

51. Defendant denies each and every allegation of Paragraph 51.

52. Defendant denies each and every allegation of Paragraph 52.

## SECOND CLAIM FOR RELIEF

### Alleged Breach of Contract

53. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 52, above.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and denies them on that basis.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and denies them on that basis.

56. Defendant denies each and every allegation of Paragraph 56.

57. Defendant denies each and every allegation of Paragraph 57.

## THIRD CLAIM FOR RELIEF

### Alleged Breach of Implied-in-Fact Contract

58. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 57, above.

59. Defendant admits that the holding of *Desny v. Wilder* is a conclusion of law to which no response is required. Except as so expressly admitted, Defendant denies each and every remaining allegation of Paragraph 59.

60. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 and denies them on that basis.

61. Defendant admits that Plaintiff and Defendant jointly co-authored the Joint Work. Except as so expressly admitted, Defendant denies each and every remaining allegation of Paragraph 61.

62. Defendant denies each and every allegation of Paragraph 62.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 and denies them on that basis.

64. Defendant denies each and every allegation of Paragraph 64.

65. Defendant denies each and every allegation of Paragraph 65.

## FOURTH CLAIM FOR RELIEF

### Alleged Breach of Implied-in-Fact Contract

66. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 65, above.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and denies them on that basis.

68. Defendant denies each and every allegation of Paragraph 68.

69. Defendant denies each and every allegation of Paragraph 69.

## FIFTH CLAIM FOR RELIEF

### Alleged Quantum Meruit

70. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 69, above.

71. Defendant denies each and every allegation of Paragraph 71.

72. Defendant denies each and every allegation of Paragraph 72.

## SIXTH CLAIM FOR RELIEF

### Alleged UCL Violation

### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

73. Defendant realleges and incorporates by reference his responses to Paragraphs 1 through 72, above.

74. Defendant denies each and every allegation of Paragraph 74.

75. Defendant denies each and every allegation of Paragraph 75.

76. Defendant denies each and every allegation of Paragraph 76.

77. Defendant denies each and every allegation of Paragraph 77.

## SEVENTH CLAIM FOR RELIEF

### Alleged Breach of Confidence

78. Defendant realleges and incorporates by reference his responses to

Paragraphs 1 through 77, above. Except as so expressly admitted or denied, Defendant denies the remaining allegations of Paragraph 78.

79. Defendant denies each and every allegation of Paragraph 79.

80. Defendant denies each and every allegation of Paragraph 80.

## AFFIRMATIVE DEFENSES

As and for his affirmative defenses, but without conceding or acknowledging that he bears the burden of proof, persuasion, or presentation of evidence on any of these issues, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The FAC, and each and every claim set forth therein, fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver/Estoppel)

By reason of Plaintiff's conduct, words, and/or actions and Defendant's reasonable reliance to his detriment thereon, Plaintiff has waived and/or is estopped from obtaining relief on any of her purported claims.

### THIRD AFFIRMATIVE DEFENSE
### (Abandonment)

By reason of Plaintiff's conduct, words, and/or actions, Plaintiff surrendered ownership rights in the work that is the subject of Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Timely Registration)

To the extent that Plaintiff failed to timely comply with the provisions of Sections 411(a) and 412 of the Copyright Act, 17 U.S.C. §§ 411(a) and 412, prior to Defendants' alleged acts of infringement, Plaintiff's claims to recover statutory damages and/or attorney's fees are barred.

///

## FIFTH AFFIRMATIVE DEFENSE

### (Copyright Formalities)

Plaintiff's claims are barred, in whole or in part, to the extent that the U.S. copyright in the Film was not properly registered and/or that such registration is invalid or was obtained fraudulently or otherwise improperly.

## SIXTH AFFIRMATIVE DEFENSE

### (Implied License)

Plaintiff's claims are barred in whole or in part to the extent any alleged copying of any copyright-protected material allegedly owned by Plaintiff was impliedly licensed, consented to, or otherwise authorized or ratified by the conduct, statements, actions, or inactions of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Originality)

Plaintiff's claims for relief are barred, in whole or in part, because some or all of the allegedly infringing elements of the Film were based on elements of expression that are not original to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Independent Creation)

Plaintiff's claims for relief are barred, in whole or in part, because some or all of the allegedly infringing elements of the Film were created independently.

## NINTH AFFIRMATIVE DEFENSE

### (Copyright Preemption)

Plaintiff's state law claims are barred by principles of Copyright Act preemption, including under Section 301(a) of the Copyright Act, 17 U.S.C. § 301(a).

## TENTH AFFIRMATIVE DEFENSE

### (Joint Work)

Plaintiff's claims, including, without limitation, her claim for copyright infringement, are barred to the extent that the Film was produced with Defendant's

authorization based upon the Joint Work co-authored by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Copyright Invalidity)

Plaintiff's copyright registration is invalid and unenforceable due to her intentional misstatements of material facts in the registration, including her false assertion that she was the sole author of the allegedly-infringed registered work.

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiff's claims fail and/or, at a minimum, Plaintiff must satisfy heightened First Amendment due process standards including the burden of establishing "clear and convincing" evidence of the elements of her claims because, to the extent Defendant allegedly copied any copyright-protected material belonging to Plaintiff – which Defendant denies – Plaintiff's claims and/or remedies are subject to the requirements of the First Amendment to the United States Constitution and Article I, Section 2(a) of the California Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unprotected Material)

Plaintiff's claims fail because, to the extent Defendant allegedly copied any material owned by Plaintiff – which Defendant denies – the use was limited to ideas, scenes a faire, clichés, stock elements, and conventions of story-telling, or other expression not subject to copyright protection.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (De Minimis Use)

To the extent Defendant allegedly copied any material owned by Plaintiff – which Defendant denies – such use was *de minimis* and not subject to liability.

///

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Public Domain)

Plaintiff's claims fail because, to the extent Defendant allegedly copied any material owned by Plaintiffs – which Defendant denies – the use was limited to material in the public domain, not protectable expression subject to copyright protection.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

Plaintiff's claims fail because to the extent Defendant's acts allegedly infringed any copyright-protected material owned by Plaintiff – which Defendant denies – the infringement was innocent, not willful.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff is barred from recovery to the extent that her purported damages could reasonably have been avoided or minimized by Plaintiff, in whole or in part.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

Plaintiff is barred and precluded from any recovery against Defendant because, to the extent Plaintiff has allegedly suffered any damage, loss and/or injury – which Defendant denies – it was caused by persons other than Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Justification/Excuse)

Any of Defendant's actions taken with respect to Plaintiff were justified and/or excused, thereby barring Plaintiff's claims.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Breach of Contract/Nonperformance)

Plaintiff's state law claims, including her claim for breach of contract, are barred to the extent any performance owed by Defendant under a contract alleged in the FAC was excused by Plaintiff's own breaches and/or nonperformance under said contracts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure of Conditions)

Plaintiff's state law claims, including her claim for breach of contract, are barred to the extent that certain conditions precedent never occurred, including, without limitation, the conditions that she was required to be under contract with Crown Media in order to be compensated for producing or acting in the Film – but she disavowed any contracts with Crown Media prior to the production of the Film.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Privity)

Plaintiff's state law claims, including her claim for breach of contract, are barred to the extent that Defendant was not in privity of contract with Plaintiff under the allegations of the FAC – which alleges that Plaintiff entered into claimed contracts with Crown Media but not with Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

Defendants have insufficient information upon which to form a belief as to whether it has additional affirmative defenses. Defendants reserve their right to assert additional affirmative defenses in the event they discover facts upon which such affirmative defenses may be based.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff takes nothing by the FAC, which should be dismissed with prejudice;

2. For judgment in favor of Defendant and against Plaintiff;

3. That Defendant be awarded his reasonable attorneys' fees and costs of suit; and

///

///

    4.    That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED: December 23, 2024         **FOX ROTHSCHILD LLP**

                                                        */s/ David Aronoff*
                                                        David Aronoff
                                                        Joshua Bornstein
                                                        Attorneys for Defendant,
                                                        JEFFERY BEACH